FILED

March 11, 2016

IN COURT OF
WORKERS' COMPENSATION
CLAIMS

TIME 12:43 PM



# COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

Sidney Glass,
        Employee,

v.

Ford Construction Co.,
        Employer,

And

Twin City Fire Insurance Co.,
        Insurance Carrier.

Docket No.: 2015-08-0638

State File No.: 75957-2015

Judge Jim Umsted

---

## EXPEDITED HEARING ORDER DENYING REQUEST FOR BENEFITS

---

THIS CAUSE came before the undersigned workers' compensation judge on March 2, 2016, upon the Request for Expedited Hearing filed by the employee, Sidney Glass, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The central legal issue is whether the employer, Ford Construction Co., must provide medical benefits for Mr. Glass' alleged work-related back and left leg injuries. For the reasons set forth below, the Court finds Mr. Glass' request for medical benefits should be denied.[1]

### History of Claim

Mr. Glass is a forty-nine-year-old resident of Lauderdale County, Tennessee. He has a ninth-grade education and has worked exclusively in the construction field. Ford hired Mr. Glass as a carpenter in 2013. However, according to Mr. Glass, his job duties involved "a little bit of everything," including operating a backhoe as well as pouring and forming concrete sidewalks and curbs.

On September 4, 2015, Mr. Glass' laid blacktop for one of Ford's projects. Later, after work, Mr. Glass noticed his back felt tight, but he did not think it was serious until his symptoms began to worsen over the next few days.

---

[1] A complete listing of the technical record and exhibits is attached to this Order as an appendix.

On September 7, 2015, he presented to the emergency room at Lauderdale Community Hospital complaining of severe pain in his left leg. He advised he first noticed his symptoms on Friday, but the office note did not describe a specific event or incident that gave rise to his symptoms.

The following day, Mr. Glass sought treatment from his primary care physician at Ripley Medical Clinic. He told Nurse Practitioner (NP) Patsy Crihfield he worked construction but did "not remember any event or injury precipitating his left low back and left leg pain last week." NP Crihfield instructed him to return Friday for a follow-up appointment and noted she would consider a "neuro referral" at that time. She also took Mr. Glass off work for the rest of the week.

Mr. Glass returned to the clinic on September 11, 2015. During that visit, NP Bradley Harrell ordered an MRI and referred him to a neurologist. He also released Mr. Glass to light duty work until he followed up with a neurologist.

On September 14, 2015, Mr. Glass sought further treatment with Ripley Medical Center. During that visit, he continued to complain of lower back pain that radiated down his left leg. He also noted he worked for a construction company "shoveling all day long" but denied any specific injury. Dr. Joe Hunt prescribed pain medication to help Mr. Glass with his symptoms until he could get his MRI and see a neurologist.

According to the affidavit of Ford employee Lisa Keeling, Mr. Glass contacted her on September 15, 2015, to see if his company health insurance would pay for his MRI. Ms. Keeling indicated insurance would not pay for the MRI, as his deductible had not been met. Ford's Safety Director, Collie Berry, stated in his affidavit that Mr. Glass also contacted him on September 15, 2015. Mr. Berry asserted that Mr. Glass called to report a work-related injury dating back to September 4, 2015. Mr. Berry noted this was the first notice Ford received of the alleged work injury.

Mr. Berry authorized an appointment for Mr. Glass with Dr. Mark Harriman at Memphis Orthopedic Group on September 16, 2015.[2] Dr. Harriman's office note indicated Mr. Glass complained of lumbar back pain resulting from "lifting, pulling, pushing and unknown/unsure." Dr. Harriman ordered an MRI and opined that Mr. Glass' discomfort was likely due to a herniated disk at L5-S1 on the left. He took Mr. Glass completely off work and instructed him to follow up after his MRI. The MRI showed disk bulges at L2-5 with foraminal stenosis and mass effect on the exiting left L3 and L4 nerve roots.

On September 18, 2015, Ford denied Mr. Glass' claim. It filed a Notice of Denial,

---

[2] Ford entered into evidence a signed panel of physicians from which Mr. Glass selected Dr. Harriman as his authorized treating physician. However, Mr. Glass testified he signed the panel after seeing Dr. Harriman and never received a choice of physicians.

indicating no accident arose out of his employment.

Thereafter, Mr. Glass continued treating with Ripley Medical Center and ultimately received a referral to Semmes-Murphey Clinic. Mr. Glass presented to Semmes-Murphy for the first time on September 30, 2015, and saw Dr. Todd Fountain. Mr. Glass told Dr. Fountain his back and left leg symptoms began on September 4, 2015. He advised he worked shoveling asphalt for a living. Dr. Fountain diagnosed Mr. Glass with "left L4-5 far lateral disk herniation with neural compression against the exiting L4 nerve root as well as lateral recess stenosis impending the traversing L5 nerve root." He recommended surgical intervention. According to a Ripley Medical Clinic office note dated October 30, 2015, however, the surgery was canceled due to Mr. Glass' high potassium levels.

During the expedited hearing, Mr. Glass testified he had to break up chunks of blacktop with a sledgehammer on September 4, 2015, which was not a task he typically undertook. He suggested that this activity most likely caused his back injury. He further stated he advised Mr. Berry, Dr. Harriman, Dr. Fountain, and his chiropractor about his work with the sledgehammer on September 4, 2015.

Mr. Glass asserted he initially reported his injury to his supervisor, Norris Nicks, on Monday, September 7, 2015, but admitted he did not tell him how he injured himself because he did not know. He later reported the injury to Mr. Berry who took him to see Dr. Harriman. Mr. Glass testified he did not remember calling Ms. Keeling on September 15, 2015, to ask if his health insurance would cover his MRI.

Mr. Glass further testified he has not worked since Ford terminated his employment on October 12, 2015, due to a failed drug test. He indicated he was enrolled in a methadone clinic after developing an addiction to prescription pain medication and stated Ford knew about his enrollment. According to Mr. Glass, he became addicted to pain medication prescribed by Christian Family Medical while treating for boils on his hands.

## Findings of Fact and Conclusions of Law

### General Legal Principles

Because this case is in a posture of an expedited hearing, Mr. Glass need not prove every element of his claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this court might determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1)(2015). In analyzing whether he has met his burden, the Court will not

3

remedially or liberally construe the law in his favor, but instead shall construe the law fairly, impartially, and in accordance with basic principles of statutory construction favoring neither Mr. Glass nor Ford. *See* Tenn. Code Ann. § 50-6-116 (2015).

*Compensability*

To be compensable, Mr. Glass must show his alleged injury arose primarily out of and in the course and scope of his employment. Tenn. Code Ann. § 50-6-102(14) (2015). He must also show his injury was caused by an incident, or specific set of incidents, identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)(A) (2015). Further, he must show, "to a reasonable degree of medical certainty that [his alleged work injury] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2015). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14)(D) (2015).

The Court finds Mr. Glass was unable to identify a specific incident that caused his injury and did not experience pain until after returning home from work. Upon careful review of the medical records, the Court finds no expert opinion that Mr. Glass' injury is more likely than not related to an alleged September 4, 2015 work incident. The absence of an expert medical opinion that the specific incident contributed more than fifty percent in causing his back injury is fatal to his claim.

Our Appeals Board recently stated, "[w]ith respect to the element of medical causation, it was traditionally the employee's burden to offer expert medical proof of causation '[e]xcept in the most obvious, simple and routine cases.'" *Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015) (*citing Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008)). Mr. Glass' injury is not so obvious as to remove the need for expert proof of causation.

Based upon the evidence, the Court finds Mr. Glass has not come forward at this time with sufficient evidence to show he would likely prevail at a hearing on the merits and denies his request for benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Glass' claim against Ford for the requested medical benefits is denied at this time.

2. This matter is set for a Status Hearing on April 20, 2016, at 10:00 a.m. Central

4

time.

**ENTERED this the 11th day of March, 2016.**

_____

**Judge Jim Umsted**
**Court of Workers' Compensation Claims**

Status Conference:

An Status Conference has been set with **Judge Jim Umsted, Court of Workers' Compensation Claims. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk _within seven business days_ of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing

fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:
1. Affidavit of Sidney Glass;
2. Affidavit of Lisa Keeling;
3. Affidavit of Collie Berry;
4. Form C-20 Employer's First Report of Work Injury or Illness;
5. Form C-42 Agreement Between Employer/Employee Choice of Physician;
6. Form C-23 Notice of Denial of Claim for Compensation;
7. Form C-41 Wage Statement;
8. Separation Notice;
9. Drug Screen Results Report;
10. Job Description;
11. Medical bill from Ripley Medical Clinic;
12. Medical Records:
    - Ripley Medical Clinic
    - Lauderdale Community Hospital
    - Baptist Memorial Healthcare
    - Memphis Orthopedic Group
    - Methodist North Hospital
    - Semmes-Murphey Clinic; and
13. Additional Medical Records:
    - Semmes-Murphey Clinic (Date of Service December 2, 2015, and EKG Report)
    - Quest Diagnostics (Date of Service September 29, 2015).

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice, filed on December 16, 2015
3. Request for Expedited Hearing
4. Ford Construction Co.'s position statement

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 11th day of March, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Jeffrey P. Boyd, Employee's Attorney | | | x | jboyd@hillboren.com |
| Matthew W. Willis, Employer's Attorney | | | x | matt@ashleyarnold.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**